**MULTINATIONAL INVESTMENTS, LTD., Plaintiff-Appellee**

v.

**RONNIE MAIKLER, Defendant-Appellee and ROGER F. MORAN and EVELYN G. MORAN, d/b/a MORAN REAL ESTATE, Defendants-Appellants**

Civil No. 83-169

District Court of the Virgin Islands

Div. of St. Thomas and St. John

May 16, 1984

GRUNERT, STOUT & SMOCK, St. Thomas, V.I., *for plaintiff-appellee Multinational Investment, Ltd.*

JOHN J. MAHON, ESQ., St. Thomas, V.I., *for defendants-appellants Roger F. Moran and Evelyn G. Moran d/b/a Moran Real Estate*

CAROL G. HURST, ESQ. (DUDLEY DUDLEY & TOPPER), St. Thomas, V.I., *for defendant-appellee Ronnie Maikler*

CHRISTIAN, *Chief Judge*

## MEMORANDUM OPINION

We are called upon, in this appeal, to determine which of the parties is to be deemed to have prevailed in the trial below. The better to understand our resolution of this question, we summarize, in sequence, the facts as developed at trial.

Appellee Ronnie Maikler (hereinafter Maikler) approached appellant Roger Moran (hereinafter Moran) for the purpose of seeking his assistance in obtaining two parcels of land owned by appellee Multinational Investments, Ltd. (hereinafter Multinational). A contract between Maikler and Multinational was prepared and executed. Pursuant to that agreement, Maikler deposited $12,000 in a Moran escrow account. Subsequently, a disagreement arose between the contracting parties. Both Multinational and Maikler demanded the $12,000 from Moran. When Moran declined to turn over the funds to either, Multinational brought an action against Moran for breach of fiduciary duty, and against Maikler for breach of contract. Maikler filed a counterclaim against Multinational claiming the right to the $12,000. Maikler crossclaimed against Moran and Moran in turn filed a cross claim against Maikler. In his answer to the complaint, Moran requested that the court direct him to pay the $12,000 into the registry of the court. It was so ordered.

The case came on for trial on May 24, 1982, on all claims of the parties. On June 10, 1982, the trial court announced its decision. The court held that Maikler was entitled to the $12,000 and awarded

nothing on either cross claim filed by the defendants. The court awarded Multinational nothing on its claims against Moran.

The court then discussed an award of attorneys' fees pursuant to 5 V.I.C. § 541, which provides, in part, that

> there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorneys fees in maintaining the action or defenses thereto.

The trial court then awarded attorneys' fees to Maikler and Multinational, assessing both against Moran. In making these awards, the court said:

> Mr. Maikler appears to be the prevailing party in this case. Multinational Investments, Limited, while not a prevailing party, is not the party most at fault in this case. If any award of attorneys' fees should be granted to Mr. Maikler, it should be granted against Mr. Moran as being the party more responsible for bringing about the breach of the contract and the suit in Court.

Tr., p. 7.

Moran has appealed the awards of attorneys' fees to Maikler and Multinational, arguing that Maikler prevailed against Multinational at trial and that Multinational did not prevail against anyone. Both appellees argue that an award of attorneys' fees pursuant to § 541 is a matter of judicial discretion and can only be overturned on appeal where there is a clear abuse of that discretion. They further argue in support of the trial court's awards that the court found Moran negligent in his duty to both Maikler and Multinational and that Moran was "most at fault."

 We believe that the court below erred in assessing attorneys' fees against Moran. The discretion afforded a trial court in awarding fees under § 541 is whether or not to award fees to a prevailing party and in what amount. A court, under § 541, is wholly without authority to award fees to a party who did not prevail at trial. Apparently, the trial court awarded fees against Moran on the theory that he was found to have been negligent in his legal relations with Maikler and Multinational, and because he was "most at fault." However, a court may not award fees on this basis. Fees may be awarded to a prevailing party only. As the court below recognized, Maikler was the prevailing party and Multinational was not. The real dispute over the $12,000 was between Maikler and Multi-

national. The fees awarded to Maikler as prevailing party should be taxed against Multinational, not Moran. Likewise, Multinational in no way prevailed against Moran. Consequently, no fee award should have been made in its favor. The awards of attorneys' fees will be vacated, therefore, and the case remanded to the trial court for its determination of indemnification for attorneys' fees should it elect so to do, as between defendant Ronnie Maikler and plaintiff Multinational Investments, Ltd.

## JUDGMENT

This matter came on before the Court on appeal from the Territorial Court of the Virgin Islands, Division of St. Thomas and St. John. The premises considered and the Court being fully advised,

IT IS ORDERED, ADJUDGED AND DECREED that the award of attorneys' fees entered in this case by the trial court be, and the same is hereby, VACATED;

IT IS FURTHER ORDERED that this case be, and the same is hereby, REMANDED to the Territorial Court of the Virgin Islands, Division of St. Thomas and St. John, for a determination of indemnification for attorneys' fees, not inconsistent with the opinion announced herein.